THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiff
ASHLEY JUDD

PHYLLIS KUPFERSTEIN, SBN 108595
pk@kupfersteinmanual.com
CYNTHIA L. ZEDALIS, SBN 118447
KUPFERSTEIN MANUEL LLP
865 South Figueroa Street, Suite 3338
Los Angeles, CA 90017
Telephone: 213.988.7531
Facsimile: 213.988.7532

Attorneys for Defendant
HARVEY WEINSTEIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Ashley Judd,

Plaintiff,

v.

Harvey Weinstein,

Defendant.

CASE NO. 18-cv-05724 PSG (FFMx)

**JOINT RULE 26(f) REPORT**

**Scheduling Conference:**
Date: TBD
Time: TBD
Place: 350 West 1st Street, Courtroom 6A, 6th Floor Los Angeles, CA 90012
Judge: Hon. Philip S. Gutierrez

Counsel for Plaintiff Ashley Judd ("Ms. Judd" or "Plaintiff") and for Defendant Harvey Weinstein ("Mr. Weinstein" or "Defendant") (collectively, the "Parties"), conferred on September 27, 2018, pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Local Rule 26-1, and hereby submit this Joint Rule 26(f) Report.

## 1. RULE 26(f) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the Parties submit the following:

### A. Proposed Changes To Timing, Form, Or Requirement For Disclosures Under Rule 26(a)

The Parties agree that no changes should be made to the form or requirement for initial disclosures under Rule 26(a)(1). As to the timing of the Rule 26(a)(1)(A) initial disclosures, the Parties agree that the deadline to exchange the disclosures should be extended so that the Parties make them after all challenges to the pleadings are resolved and within thirty days after Mr. Weinstein files his answer to the then-operative complaint.

### B. Discovery

The Parties expressly reserve their objections to the discoverability, relevance, and admissibility of documents and information relating to the below subjects. The Parties also reserve the right to seek discovery on additional subjects if the need arises during the course of this case.

#### 1. Subjects On Which Discovery May Be Needed

a. Plaintiff's Subjects on Which Discovery May Be Needed.

Without prejudice to her rights to seek discovery on any relevant issue or matter as permitted by Rule 26(b)(1), Plaintiff currently anticipates that she will need and seek discovery from Defendant



Gibson, Dunn & Crutcher LLP

and any relevant non-party concerning every element of her claims and the scope of her alleged damages. This discovery will include evidence related to Defendant's alleged encounter with Ms. Judd at the Peninsula Hotel, Defendant's alleged defamatory statements about Plaintiff, Defendant's alleged intentional interference with Plaintiff's professional relationship with Peter Jackson and/or Fran Walsh, and the effect of such alleged actions on Ms. Judd's career and income. Such evidence could include financial information regarding the revenues and talent compensation for *The Lord of the Rings* film franchise and other relevant films. It also will include evidence of any unwanted sexual advances, solicitations, sexual requests, or demands for sexual compliance ("sexual advances") by Defendant (including the settlement of any unwanted sexual advances and/or potentially harassing conduct based on gender) and any professional or other retaliation by Defendant against women who resisted his sexual advances.

b. Defendant's Subjects on Which Discovery May Be Needed. Without prejudice to his rights to seek discovery on any relevant issue or matter as permitted by Rule 26(b)(1), Defendant currently anticipates that he will need and seek discovery from Plaintiff and any relevant non-party concerning every element of Plaintiff's claims and the scope of her alleged damages. Defendant anticipates that such discovery efforts will include, but will not be limited to, Plaintiff's audition and/or interview with Peter Jackson and Fran Walsh, and any other casting director or producer of The Lord of the Rings; the alleged defamatory remark by Defendant to Peter Jackson regarding Plaintiff; Mr. Jackson's authority to make



Gibson, Dunn & Crutcher LLP

casting decisions for The Lord of the Rings films, and Mr. Jackson's reasons for casting actors other than Plaintiff in the film trilogy; Plaintiff's efforts, if any, to inquire from any source the reaons(s) for not being cast in The Lord of the Rings films; Plaintiff's relationship, if any, with Defendant prior to her alleged meeting with him at the Peninsula Hotel as alleged in the Complaint; Plaintiff's relationship, if any, with Defendant after her alleged meeting with him at the Peninsula Hotel as alleged in the Complaint; Plaintiff's work experience in the motion picture industry prior to her alleged meeting with Defendant at the Peninsula Hotel; Plaintiff's work experience in film and/or television after her alleged meeting with Defendant at the Peninsula Hotel to the present, including her participation in all casting calls, auditions, and read-throughs; offers of employment, including the amount of compensation offered for all roles, and her acceptances and rejections of such offers; Plaintiff's reputation and/or interaction with crew members and talent on set and/or stage throughout her career; Plaintiff's compensation from all professional employment since her purported meeting with Defendant at the Peninsula Hotel; the circumstances surrounding any prolonged absences from professional employment since 1996 to the present; Plaintiff's efforts, if any, to mitigate her alleged damages; and Plaintiff's professional relationships with talent agents and managers.

**2. Proposed Discovery Completion Dates**

All fact discovery shall be completed by all parties on or before September 13, 2019.

All expert discovery shall be completed by all parties on or before October 4, 2019.

**3. Whether Discovery Should Be Conducted In Phases or Be Limited To Or Focused On Particular Issues.**

**a. Plaintiff's Position**

Plaintiff's position is that no discovery phasing is necessary and discovery should not be limited to or focused on particular issues. Plaintiff's investigation of her claims indicates that Defendant made the statements attributed to him in Plaintiff's complaint and there is no basis to make full discovery contingent on any particular individual's or entity's testimony.

**b. Defendant's Position**

The gravamen of Plaintiff's Complaint is the alleged defamatory statement Defendant made to Peter Jackson as described in Plaintiff's Complaint; thus, Defendant proposes that the first phase of discovery should concern the confirmation of that alleged fact. In addition, Defendant is contemplating filing a motion to stay discovery during the pendency and conclusion of any and all criminal investigations and charges that have been made and/or brought against him.

**C. Protocol for Electronically-Stored Information ("ESI")**

The Parties do not currently foresee any issues related to disclosure, discovery or preservation of ESI. The parties agree to revisit the issue of the format of any ESI production and reach any reasonable accommodations as necessary

based on the circumstances. In the interim, any disclosure or discovery of electronically stored information should be made as follows:

All electronic files are to be produced in searchable PDF format; any production exceeding 300 documents (or some other threshold as agreed upon by the Parties) shall be produced in single-page TIFF images with an Opticon load file (.OPT), document level extracted text files, and a DAT file containing all metadata. Documents created in Microsoft Excel should be produced in their native form.

**D. Procedures For Resolving Disputes Regarding Claims Of Privilege**

The Parties agree to use the procedures set forth in Federal Rule of Civil Procedure 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial preparation.

**E. Changes In Discovery Limitations**

The Parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure.

**F. Other Orders**

The parties currently expect to submit for approval a stipulated proposed Protective Order to the Magistrate Judge assigned to this matter.

## II. THE MATTER IS NOT COMPLEX

The parties agree that the matter is not complex such that any portion of the Manual For Complex Litigation should be utilized in managing the matter.

## III. PROPOSED MOTION AND TRIAL SCHEDULE

Defendant currently anticipates filing a motion to dismiss any new claim and any claim pursuant to California Civil Code section 51.9 that Plaintiff asserts in an amended complaint. Defendant also currently anticipates filing a motion to stay discovery and a motion for summary judgment. Plaintiff

currently anticipates filing a motion for summary judgment depending on the evidence obtained in discovery.

**A.** The Parties propose that the time for filing dispositive or partially motions shall be on or before October 11, 2019.

**B.** The Parties propose that trial be set for January 28, 2020, or as soon thereafter as the Court deems appropriate.

**C.** The Parties' proposed schedule is as follows:

| Date | Event |
|---|---|
| TBD [30 days after Defendant files answer to operative complaint] | Last Day to Supplement Disclosures under Rule 26(a) |
| August 30, 2019 | Non-Expert Discovery Cut-Off |
| September 13, 2019 | Parties to exchange expert reports |
| October 4, 2019 | Parties to exchange rebuttal reports |
| October 4, 2019 | Expert discovery, including expert depositions, completed |
| October 11, 2019 | Dispositive Motions Cut-Off Date |
| November 1, 2019 | Last day for parties to participate in ADR (at least 45 days before Final Pretrial Conference). |
| November 8, 2019 | Dispositive Motions Opposing Papers Due |
| November 18, 2019 | Dispositive Motions Reply Papers Due |
| December 2, 2019 | Latest Hearing Date for Dispositive Motions |
| December 6, 2019 | Last day to submit Rule 26(a)(3) witness lists, and designations of witnesses whose testimony will be presented by deposition. |

| | |
|---|---|
| December 6, 2019 | Last day to submit exhibit lists. |
| December 20, 2019 | Last day to file objections under Rule 26(a)(3). |
| January 13, 2020 | Requested date for final pretrial conference. |
| January 28, 2020 | Suggested trial date. |

## IV. ADR PROCEDURE AND PROPOSED SESSION DATE

The Court already has directed this case to either the Court Mediation Panel or to private mediation. Dkt. 3 (Notice to Parties of Court-Directed ADR Program). The Parties agree that engaging a neutral selected from the Court's Mediation Panel is best suited to the circumstances of this case. The Parties propose that the Court set a November 1, 2019 deadline for the ADR session to occur.

## V. TRIAL TIME ESTIMATE

The Parties currently estimate that the time required for trial is two weeks.

## VI. ADDITIONAL PARTIES

The Parties do not anticipate any additional parties being added to the case.

## VII. PROPOSED EXPERT DISCOVERY SCHEDULE

The Parties propose that the deadline for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness required by Federal Rule of Civil Procedure 26(a)(2)(B) be September 13, 2019. Any rebuttal expert report shall be exchanged by October 4, 2019.

Dated: October 11, 2018

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr.

Attorneys for Plaintiff Ashley Judd

Dated: October 11, 2018

KUPFERSTEIN MANUEL LLP

By: /s/ *Phyllis Kupferstein*
Phyllis Kupferstein

Attorneys for Defendant Harvey Weinstein

**SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 11, 2018

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Theodore J. Boutrous Jr.*
Theodore J. Boutrous Jr.

Attorneys for Plaintiff Ashley Judd