Phyllis Kupferstein, Esq. [SBN 108595]
pk@kupfersteinmanuel.com
Cynthia L. Zedalis, Esq. [SBN 118447]
cz@kupfersteinmanuel.com
Kupferstein Manuel LLP
865 South Figueroa Street
Suite 3338
Los Angeles, California 90017
Telephone: (213) 988-7531
Facsimile:  (213) 988-7532

Attorneys for Defendant Harvey Weinstein

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY JUDD, an individual,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>HARVEY WEINSTEIN, an individual,<br><br>　　　　　　　　Defendant. | CASE NO.:  2:18-cv-5724 PSG (FFMx)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**<br><br>**Date:**  March 4, 2019<br>**Time:**  1:30 p.m.<br>**Courtroom:**  6A |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

**TABLE OF CONTENTS**

Preliminary Statement ……………………………………………………….. 1

Statement of Facts ……………………………………………………………. 2

Argument ……………………………………………………………………... 3

    I.    A STAY IS WARRANTED IN LIGHT OF THE PENDING CRIMINAL ACTIONS AGAINST WEINSTEIN ………………… 3

    II.    THE FACT THAT WEINSTEIN IS UNDER INDICTMENT IS THE MOST SIGNIFICANT FACTOR WEIGHING IN FAVOR OF A STAY……………………………………………………………… 6

    III.    THAT THERE IS SIGNIFICANT OVERLAP BETWEEN THE CIVIL AND CRIMINAL CASES ALSO WARRANTS A STAY ………………………………………..…………………….. 7

    IV.    THE PREJUDICE TO WEINSTEIN OUTWEIGHS ANY PREJUDICE TO PLAINTIFF ……………………………………. 10

    V.    THE INTERESTS OF THE PUBLIC AND THE COURT ARE BEST SERVED BY A STAY ……………………..…………… 11

Conclusion ………………………………………………………………………..11

i

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

# TABLE OF AUTHORITIES

**Cases**

*American Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
    225 F. Supp. 2d 263 (E.D.N.Y. 2002) …………………………………… 7, 10

*Baxter v. Palmigiano*,
    425 U.S. 308 (1976) …………………………………………………………… 4

*Continental Ins. Co. v. Cota,*
    2008 WL 4298372 (N.D. Cal. Sept. 19, 2008) ………………………….. 6, 8

*Corbin v. Federal Deposit Ins. Corp.*,
    74 F.R.D. 147 (E.D.N.Y. 1977) ……………………………………………. 10

*Crawford & Sons v. Besser*,
    298 F. Supp. 2d 317 (E.D.N.Y. 2004) …………………………………… 7, 11

*ESP Capital Partners LP v. Stratos*,
    22 F. Supp. 3d 1042 (N.D. Cal. 2014) …………………………………….. 7

*Federal Sav. & Loan Ins. Corp. v. Molinaro*,
    889 F.2d 899 (9th Cir. 1989) ……………………………………… 4, 5, 6

*Green v. Cosby*,
    177 F. Supp. 3d 673 (D. Mass. 2016) …………………………………. 9, 11

*Hicks v. City of New York*,
    268 F. Supp. 2d 238 (E.D.N.Y. 2003) …………………………………….. 6

*In re Adelphia Communs. Secs. Litig.*,
    2003 U.S. Dist. LEXIS 9736 (E.D. Pa. May 14, 2003) ……………….. 5, 10

*In re Ivan F. Boesky Sec. Litig.*,
    128 F.R.D. 47 (S.D.N.Y. 1989) ……………………………………………. 11

*Javier H. v. Garcia-Botello*,
    218 F.R.D. 72 (W.D.N.Y. 2003) ………………………………………… 5, 6, 10

*Jones v. Conte*,
    2005 WL 1287017 (N.D. Cal. Apr. 19, 2015) ………………………….. 6, 7

*Judy Huth v. William Henry Cosby, Jr.*,
    BC565560 (Cal. Sup. Ct. Mar. 30, 2016) ………………………………. 8, 9

*Keating v. Office of Thrift Supervision*,
    45 F.3d 322 (9th Cir. 1995) ……………………………………………… 4, 5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
    676 F.3d 83 (2d Cir. 2012) …………………………………………… 4, 6, 7, 9

*Maldonado v. City of New York*,
    No. 17-cv-6618 (AJN), 2018 U.S. Dist. LEXIS 93417,
    (S.D.N.Y. June 1, 2018) ………………………………………………… 6

*Maloney v. Gordon*,
    328 F. Supp. 2d 508 (D. Del. 2004) ………………………………… 5, 10, 11

*McCormick v. Rexroth*,
    2010 WL 934242 (N.D. Cal. Mar. 15, 2010) ……………………………... 8

*Securities & Exchange Comm'n v. Blaszcak*,
    17-civ-3919, 2018 U.S. Dist. LEXIS 2289 (S.D.N.Y. Jan. 3, 2018) ……... 5

*Securities & Exchange Comm'n v. Dresser Indus.*,
    628 F.2d 1368 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980) …………. 4, 7

*Securities & Exchange Comm'n v. Telexfree, Inc.*,
    52 F. Supp. 3d 349 (D. Mass. 2014) …………………………………….. 11

*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*,
    886 F. Supp. 1134 (S.D.N.Y. 1995) ………………………………… 5, 6, 7, 9

*United States v. 4003-4005 5th Ave.*,
    55 F.3d 78 (2d Cir. 1995) ……………………………………………….. 4

*United States v. Kordel*,
    397 U.S. 1 (1970) ..……………………………………………………….. 4

*United Techs. Corp. v. Dean*,
    906 F. Supp. 27 (D. Mass. 1995) ………………………………………… 10

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

*Volmar Distribs. v. N.Y. Post Co.*,
    152 F.R.D. 360 (S.D.N.Y. 1993) ……………………………………………. 10

*Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd.*,
    7 F. Supp. 2d 523 (D. N.J. 1998) ……………………………………………. 5

**Statutes**

New York Penal Law
    § 130.5(1) …………………………………………………………..………... 2
    § 130.15(2) …………………………………………………………………... 2
    § 130.25(1) …………………………………………………………………... 2
    § 130.35(1) …………………………………………………………..……... 2
    § 130.50(1) …………………………………………………………………... 2

**Rules**

Federal Rule of Evidence 404(b)  ………………………………………………….. 7

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

Defendant Harvey Weinstein, by his attorneys Kupferstein Manuel LLP, respectfully submits this memorandum of law in support of his motion to stay this proceeding pending resolution of the related criminal case in which he was indicted on felony charges on May 30, 2018. For the reasons set forth below and in the accompanying Declarations of Benjamin Brafman, Esq. ("Brafman Dec.") and Phyllis Kupferstein, Esq. ("Kupferstein Dec."), Weinstein's motion should be granted in all respects.

## Preliminary Statement

Weinstein should not be forced to decide between being prejudiced in this civil litigation, if he asserts his Fifth Amendment privilege, or being prejudiced in criminal litigation, if he waives that privilege in this case. Accordingly, this action should be stayed as Weinstein is presently under criminal indictment for sexual assault and sexual misconduct, and is the subject and/or target of other ongoing criminal investigations arising from alleged conduct similar to that underlying this action. Plaintiff Ashley Judd ("Plaintiff") alleges she was sexually harassed by Weinstein in a Beverly Hills hotel room in late 1996/early 1997  Plaintiff's allegations of sexual misconduct parallel the allegations of sexual misconduct in the New York County District Attorney's Office ("NYDA") criminal case against Weinstein, as well as the allegations under investigation by the United States Attorney's Office for the Southern District of New York and the Los Angeles County District Attorney's Office.

It is well-settled that a civil action should be stayed pending a related criminal action involving similar conduct where the defendant risks incrimination. Here, given the overlap between the criminal and civil matters, a stay is warranted as Weinstein is unable to respond to the factual allegations of Plaintiff's First Amended Complaint, respond to or participate in the discovery process, or otherwise litigate this matter, without invocation of his constitutional rights against self-incrimination. If a stay is not granted, Weinstein will be forced to invoke his

**1**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

Fifth Amendment rights, thus rendering him unable to defend himself in the civil matter. Under fundamental principles of due process, Weinstein is entitled to a stay of this civil action pending resolution of the pending criminal charges. In the absence of a stay, this action unfairly burdens Weinstein's constitutional rights to defend himself against the criminal charges and will potentially interfere with a criminal prosecution. Therefore, Weinstein's motion to stay should be granted.

## Statement of Facts

On October 19, 2018, Plaintiff filed her First Amended Complaint ("FAC") (Dkt. 26) seeking monetary damages from Weinstein. The FAC alleges causes of action for, among other things, defamation and unlawful sexual harassment in violation of California Civil Code Section 51.9. Weinstein has filed a motion to dismiss Plaintiff's second cause of action for unlawful sexual harassment, which is currently pending before this Court.

On May 25, 2018, Mr. Weinstein was arrested in New York and arraigned by the NYDA on charges of criminal sexual act in the first degree, in violation of New York Penal Law § 130.50(1), rape in the first degree, in violation of Penal Law § 130.35(1), and rape in the third degree, in violation of Penal Law § 130.25(1). *See* Declaration of Benjamin Brafman ("Brafman Dec."), ¶ 4. A grand jury formally indicted Weinstein on those charges on May 30, 2018, in the matter *The People of the State of New York v. Harvey Weinstein*, Docket No. 2018NY023971. On June 5, 2018, Mr. Weinstein pleaded not guilty. Four weeks later, on July 2, 2018, the NYDA filed a superseding indictment charging Weinstein with the crimes of predatory sexual assault (Penal Law § 130.15(2)) (Counts One and Three), criminal sexual act in the first degree (Penal Law § 130.5(1)) (Counts Two and Six), rape in the first degree (Penal Law § 130.35(1)) (Count Four), and rape in the third degree (Penal Law § 130.25(1)) (Count Five). Weinstein is also presently the target of a federal criminal investigation out of the Southern District of New York, as well as the target of active criminal

investigations of felony sexual assault allegations in both Los Angeles, California, and London, England. Brafman Dec., ¶ 5.[1] The NYDA has also provided formal notice to Weinstein that it will be seeking to admit claimed evidence of reported uncharged similar acts of sexual conduct at trial of the pending superseding indictment. Brafman Dec., ¶ 12.

Weinstein moved to dismiss the criminal charges pending against him, which was heard before Judge James Burke in Manhattan on December 20, 2018. The court denied Weinstein's motion, and set a trial date for May __, 2019. Brafman Dec., ¶ 13.

## Argument

### I. A STAY IS WARRANTED IN LIGHT OF THE PENDING CRIMINAL ACTIONS AGAINST WEINSTEIN

A stay should issue here because Weinstein is presently under criminal prosecution in the State of New York for the same type of conduct for which Plaintiff seeks civil liability in this action. Weinstein is presently facing criminal charges for rape and sexual misconduct.[2] In this action, Plaintiff alleges, among other things, that Weinstein sexually harassed her in late 1996 or early 1997 and retaliated against her for rejecting his purported sexual advances. Dkt. 26, ¶¶ 24, 27-49, & 63-74. While Plaintiff is not a complaining witness in the criminal prosecution, this matter involves the same conduct for which Weinstein was indicted, and Plaintiff's FAC alleges purported actions of sexual harassment allegedly perpetrated by Weinstein against other actors. Dkt. 26, ¶¶ 15-23. As set forth in the Brafman Dec., Weinstein cannot defend himself against Plaintiff's sexual harassment claim without also giving testimony and other information which may be used by the prosecution against him and which will likely prejudice

---

[1] These investigations and the NYDA prosecution are collectively referred to as the "Criminal Actions."

[2] Weinstein adamantly denies all allegations and charges of nonsexual sex and acts of sexual harassment.

**3**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

his defense of the ongoing criminal prosecution. Brafman Dec. ¶¶ 10-11. As discussed below, a stay is warranted to preserve Weinstein's Fifth Amendment right against self-incrimination.

"The Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (internal citations omitted). To avoid the conflict created by parallel civil and criminal proceedings, courts may stay civil proceedings "pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action [...]." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal citations omitted). "A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (citing *United States v. 4003-4005 5th Ave.*, 55 F.3d 78, 83 (2d Cir. 1995)).

While the Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings, *see Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989), "[i]n the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). Thus, "a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem[ ] to require such action.'" *Id*. at 1375 (quoting *United States v. Kordel*, 397 U.S. at 12 n. 27 (1970)). *See also Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902. This means the court should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.*; *see also Keating,* 45 F.3d at 324. Additional factors the court should generally consider include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice of delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324. *See also Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *Securities & Exchange Comm'n v. Blaszcak*, 17-civ-3919, 2018 U.S. Dist. LEXIS 2289, *4 (S.D.N.Y. Jan. 3, 2018); *In re Adelphia Communs. Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736 at *7 (E.D. Pa. May 14, 2003); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd*., 7 F. Supp. 2d 523, 527 (D. N.J. 1998). Each of these factors favor the issuance of a stay.

A consideration of the relevant factors overwhelmingly weighs in favor of granting a stay in this case. There is substantial overlap in the issues presented by the civil and criminal cases. Weinstein is currently under indictment. The burden on Weinstein has the potential of being dramatically and unfairly negative if the stay is denied. The interests of the Court and the public both favor resolution of the criminal charges before the civil case is addressed because, among other reasons, it will allow the criminal prosecution to proceed unimpeded and unobstructed by any concerns that may arise in discovery in the civil case. In sum, here, as in *Maloney v. Gordon*, 328 F. Supp. 2d 508, 510 (D. Del. 2004), "[t]he public's interest in the

integrity of the criminal case is entitled to precedence over the civil litigant." (Citing *Javier H.*, 218 F.R.D. at 75).

## II. THE FACT THAT WEINSTEIN IS UNDER INDICTMENT IS THE MOST SIGNIFICANT FACTOR WEIGHING IN FAVOR OF A STAY

The Court should consider the fact that Weinstein is currently under indictment, which is the "strongest case for deferring civil proceedings until after completion of criminal proceedings." *Jones v. Conte*, 2005 WL 1287017, *1 (N.D. Cal. Apr. 19, 2015) (J. Illston) (internal quotation omitted); *see also Continental Ins. Co. v. Cota,* 2008 WL 4298372, *2 (N.D. Cal. Sept. 19, 2008) (stating that the extent to which fifth amendment rights are implicated by a civil proceeding is the *first* consideration when evaluating a stay request) (emphasis added). "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Transworld*, 886 F. Supp. at 1139 (granting stay pending related criminal proceeding). *See also Louis Vuitton*, 676 F.3d at 101 ("There is considerable authority for the principle that a stay is most justified where a movant […] is already under indictment for a serious criminal offense and is required at the same time to defend a civil action involving the same subject matter"). Whether the defendant has been indicted is considered "'the most important factor' to be considered in the balance of factors [...]." *Maldonado v. City of New York*, No. 17-cv-6618 (AJN), 2018 U.S. Dist. LEXIS 93417, at *4 (S.D.N.Y. June 1, 2018) (internal citations omitted). *See also Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) ("A court will generally stay a civil proceeding when a criminal investigation has ripened into an indictment against the proponent of a stay").

Weinstein is currently under indictment for sexual assault and rape. Based upon that factor alone and the serious risks presented as a result, this Court should stay the civil proceeding. *See Molinaro*, 889 F.2d at 903 ("The case for staying civil proceedings is a 'far weaker one' when '[n]o indictment and been returned [,

**6**
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY

and] no Fifth Amendment privilege is threatened.") (quoting *Dresser Indus., Inc.*, 628 F.2d at 1376).  See also *ESP Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045 (N.D. Cal. 2014); *American Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002) (granting stay and noting that a stay is especially appropriate where the movant is under criminal indictment).

### III. THAT THERE IS SUBSTANTIAL OVERLAP BETWEEN THE CIVIL AND CRIMINAL CASES ALSO WARRANTS A STAY

Courts look at the similarities between the civil and criminal cases because self-incrimination is more likely if there is a significant overlap. *Transworld*, 886 F. Supp. at 1139. For example, in staying the civil proceeding in *Jones,* Judge Illston noted that civil discovery in the case would overlap with issues in the criminal matter, holding that "if discovery moves forward, the defendant will be faced with the difficult choice between asserting his right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the [criminal] case."  2005 WL 1287017, **1, 2. Where, as here, the civil and criminal actions involve the same subject matter, *i.e.,* allegations of rape and sexual assault, a stay is likely to be granted.  See *Crawford & Sons v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (granting stay of all proceedings including service of answers pending resolution of parallel criminal action). Importantly, the civil and criminal actions do not need to be premised on identical facts to create a strong risk of self-incrimination. See *Louis Vuitton*, 676 F.3d at 98. Testimony in a related civil action could constitute admissions of criminal conduct in a criminal prosecution because, "[e]ven where it would not be direct evidence of wrongdoing with respect to the scheme charged in the criminal case, such testimony may be admissible as *Fed. R. Evid*. 404(b) evidence in any criminal trial." *Id*. (internal citations omitted). Here, the Criminal Actions and the civil case, while not involving the same parties, all stem from the same underlying

alleged conduct: sexual misconduct. *See McCormick v. Rexroth*, 2010 WL 934242, * 2 (N.D. Cal. Mar. 15, 2010) (granting stay of civil proceedings pending resolution of related criminal case where "factual issues in the two cases are essentially the same"); *Cota*, 2008 WL 4298372, at *2 (granting stay of civil action when "[i]t is undisputed that all of the civil actions and the criminal action spring from the same nucleus of facts").

The impossibility for Mr. Weinstein to respond to Plaintiff's allegations or defend himself is exacerbated given the nature of the allegations in this action and the Criminal Actions. In the pending sex crime prosecutions in New York State Court, the prosecution often seeks to admit propensity or prior bad act evidence which is often barred in other types of prosecutions. Brafman Dec., ¶ 12. The NYDA has already provided notice that it will seek to introduce allegations of uncharged similar sexual conduct. *Id*. As such, Weinstein cannot give testimony or evidence concerning the allegations in the FAC regardless of whether Plaintiff is involved in the Criminal Actions, as it is clear the prosecution is going to seek to introduce Plaintiff's allegations as evidence against Weinstein. *Id*. Moreover, as explained above, the FAC includes allegations concerning Weinstein's alleged course of conduct involving other women and not limited to the purported hotel room incident concerning Plaintiff.

The California Superior Court's decision in *Judy Huth v. William Henry Cosby, Jr.*, BC565560 (Cal. Sup. Ct. Mar. 30, 2016), is instructive. The defendant in that case was in a very similar situation as Weinstein, in that he was being sued civilly and criminally prosecuted for sexual assault. Declaration of Phyllis Kupferstein ("Kupferstein Dec."), Exhibit 1. In *Huth*, the court granted the defendant's motion to stay pending a resolution of a related criminal proceeding over plaintiff's objection that the facts and allegations in the civil case were distinct from those in the criminal matter. In so holding, the court reasoned as follows:

**8**
**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

> Ms. Huth contends the overlap is virtually nonexistent because Mr. Cosby has been charged with a crime in a different place, at a different time (1974 in this case versus 2005 in Pennsylvania) and involving a different alleged victim. The Court disagrees. While there are distinctions between the cases, temporal and otherwise, the allegations both involve sexual assaults. The danger of undermining Mr. Cosby's privilege of self-incrimination is clear.

*Id.* at 2 (emphasis added).

The United States District Court for the District of Massachusetts came to the same decision when dealing with a similar fact pattern in *Green v. Cosby*, 177 F. Supp. 3d 673, 680 (D. Mass. 2016). In *Green*, the plaintiffs, who had publicly accused the defendant of sexual assault, brought a claim for defamation as a result of the defendant's public response to the allegations of sexual assault. The defendant filed a motion to stay the civil proceedings because he was, at the time, under indictment for sexual assault (of a woman unrelated to the *Green* action). The court granted the defendant's motion for a discovery stay holding that even though the "civil and criminal cases at issue […] were not 'entirely parallel," due to the "the unique factual similarities between the allegations [in the civil case] and those contained in the criminal complaint, there [was] substantial risk that discovery provided by Defendant [in the civil case] could be used against him in a criminal trial." *Id*. Here, the facts are more compelling as, unlike in *Green*, Plaintiff's allegations involve the same type of conduct at issue in the Criminal Actions. It would be manifestly unjust to permit prosecutors in a criminal case to mine potentially incriminating evidence against a defendant from a parallel civil proceeding that they would otherwise not be entitled to in a criminal prosecution. *See* Kupferstein Dec., Exhibit 1, at 3. *See also Louis Vuitton*, 676 F.3d at 97, n. 11.

Here, the similarities of the allegations in the civil and criminal matters will undoubtedly place Weinstein in the "quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." *Transworld*, 886 F. Supp. at 1140. In addition to the prosecution by the NYDA, the investigations by the Southern District of New York and in Los Angeles and London are ongoing,

thereby creating additional risk to Weinstein's liberty interests and constitutional privilege by this action continuing forward. Brafman Dec., ¶ 5.

Moreover, Plaintiff's claims arise out of an alleged incident that occurred in late 1996 or early 1997. This fact refutes any argument by Plaintiff of her desire to litigate her sexual harassment and retaliation claim in an expeditious manner.

## IV. THE PREJUDICE TO WEINSTEIN OUTWEIGHS ANY PREJUDICE TO PLAINTIFF

While Plaintiff has a legitimate interest in the expeditious resolution of her case, the prejudice to Weinstein and burden on his constitutional rights outweigh Plaintiff's interests. *See Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993) (granting stay and holding that while the stay will be an inconvenience and delay to plaintiffs, "under settled authority the Fifth Amendment is the more important consideration"). *See also United Techs. Corp. v. Dean*, 906 F. Supp. 27, 28 (D. Mass. 1995) (quoting *Corbin v. Federal Deposit Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) ("Nonetheless, while a stay may cause some inconvenience and delay to [Plaintiffs], 'protection of defendant's constitutional rights against self-incrimination is the more important consideration.")). "Furthermore, because the civil and criminal issues are so closely intertwined, [Weinstein] may be put to the choice of invoking [his] Fifth Amendment rights sooner than he ought, if discovery in the civil case is allowed to proceed [against him] in any capacity, *see Javier H.*, 218 F.R.D. at 75 (citation omitted), and he also run[s] the risk of exposing [his] criminal defense strategies to the government, *see In re Adelphia*, 2003 U.S. Dist. LEXIS 9736 at *14." *Maloney*, 328 F. Supp. 2d at 512. *Accord American Express*, 225 F. Supp. 2d at 265 (stating that failure to grant a stay may expose defense theories to prosecution or otherwise prejudice the criminal case).

//

//

## V. THE INTERESTS OF THE PUBLIC AND THE COURT ARE BEST SERVED BY A STAY

Granting the stay will not harm any public interest and will promote judicial efficiency. This case is brought for the benefit of the Plaintiff, not the public. The public interest is better served through the criminal proceeding as "the public interest in the criminal case is entitled to precedence over the civil litigant." *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989). *See also Crawford*, 298 F. Supp. 2d at 319 ("the public's interest is also served by preserving the integrity of the criminal case"). Additionally, "to the extent any evidence produced by Defendant in discovery here could influence the criminal case, the court notes that 'the public interest in unimpeded criminal law enforcement outweighs the civil interests here." *Green*, 177 F. Supp. 3d at 680 (quoting *Securities & Exchange Comm'n v. Telexfree, Inc.*, 52 F. Supp. 3d 349, 353 (D. Mass. 2014)).

Moreover, the delay to the Court is minimal as this case is still in the early stages. Weinstein has brought this motion prior to filing an answer to the FAC, and there is currently no trial date set. Thus, staying the case may be better for judicial efficiency. *Maloney*, 328 F. Supp. 2d at 513. As the *Maloney* court explained:

> If the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. . . . Furthermore, the outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case. *See id*. Thus, staying this case preserves judicial resources and may streamline other aspects of the civil case. As a result, this factor also weighs in favor of granting a stay.

*Id*.

## Conclusion

WHEREFORE, for the reasons set forth herein, Defendant Harvey Weinstein respectfully requests this Court to grant his motion and enter an order staying this matter, pending resolution of the ongoing criminal case against

Weinstein.

Dated:  January 7, 2019          **KUPFERSTEIN MANUEL LLP**

By: <u>*/s/ Phyllis Kupferstein*</u>
Phyllis Kupferstein
pk@kupfersteinmanuel.com
Cynthia L. Zedalis
cz@kupfersteinmanuel.com

*Attorneys for Defendant Harvey Weinstein*