UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendant's motion to stay

    Before the Court is Defendant Harvey Weinstein's ("Defendant") motion to stay this case pending resolution of his upcoming criminal trial in New York state court. *See* Dkt. # 48 ("*Mot.*").  Plaintiff Ashley Judd ("Plaintiff") has opposed this motion, *see* Dkt. # 55 ("*Opp.*"), and Defendant replied, *see* Dkt. # 58 ("*Reply*").  The Court held a hearing on this matter on April 1, 2019.  Having considered the moving papers and the arguments made at the hearing, the Court **GRANTS** Defendant's motion for a stay.

I.    Background

    A.    The Allegations in This Case

    Defendant is a well-known Hollywood producer who co-founded the film company Miramax.  *See First Amended Complaint*, Dkt. # 26 ("*FAC*"), ¶¶ 9–12.  Plaintiff is a prominent actor.  In around late 1996 or early 1997, when she was "in her twenties and still a relative newcomer to Hollywood," Defendant invited her to a breakfast meeting at the Peninsula Hotel in Beverly Hills.  *Id.* ¶ 24.  The meeting was ostensibly to discuss potential film roles and help build her professional profile.  *Id.*

    When Plaintiff arrived at the hotel, she was directed to Defendant's hotel room.  *Id.* ¶ 26. She alleges that Defendant "appeared in a bathrobe, and, instead of discussing film roles, asked if he could give her a massage." *Id.* ¶ 27.  Plaintiff refused.  *Id.*  She alleges that Defendant then "asked her to help him pick out clothes and to watch him shower."  *Id.*  Again, she refused.  *Id.* "[D]esperate to escape without angering a man who had the ability to end her budding career," Plaintiff engaged in what she calls a "mock bargain" with Defendant, "suggesting that she would consider letting him touch her only if she won an Academy Award in one of his films."  *Id.*  She

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

then fled the scene. *Id.* Plaintiff alleges that Defendant continued to "lord that traumatic moment" over her, telling her at several public Hollywood events that he "still remembered their 'little deal.'" *Id.* ¶ 29.

About a year after the hotel room encounter, Plaintiff was involved in serious discussions to play a major role in *The Lord of the Rings* trilogy of films, which were to be directed by Peter Jackson. *Id.* ¶ 30. However, Plaintiff did not end up being cast in the films, and she alleges that for years she did not know the reason why. *See id.* ¶ 37. The truth came to light in 2017 when Jackson revealed in a public interview that Defendant had told him during the casting process that Plaintiff was "a nightmare to work with and [that he] should avoid [her] at all costs." *Id.* ¶ 32. In a later public statement, Jackson further revealed that Defendant had told Jackson that he had had "bad experiences" with Plaintiff in the past. *Id.* Plaintiff alleges that Defendant's statements to Jackson were false and that absent them, she would have been cast in the *Lord of the Rings* films. *See id.* ¶ 34. The FAC suggests that her failure to be cast in the series cost her millions of dollars in potential income. *See id.* ¶ 9.

    B.    <u>Defendant's Criminal Case</u>

As has been widely reported, Plaintiff is not the only woman to have accused Defendant of sexual harassment, abuse, or assault. Defendant has been indicted in New York state court on criminal charges including rape, predatory sexual assault, and criminal sexual act in the first degree, arising from incidents unrelated to the one at issue in this case. *See Declaration of Benjamin Brafman*, Dkt. # 48-2 ("*Brafman Decl.*"), ¶ 4. The parties informed the Court at the hearing that the case is scheduled to go to trial on June 3, 2019.

According to Defendant's attorney in the criminal case, the prosecutor in that case has stated that he intends to introduce evidence of uncharged acts of sexual misconduct in the criminal trial, though the parties explained at the hearing that they have received no further information about what exactly the prosecutor will seek to introduce. *See id.* ¶ 12. Defendant's attorneys state that because any statements he makes in conjunction with this case could potentially be used against him in the upcoming criminal trial, Defendant would be compelled to assert his Fifth Amendment privilege against self-incrimination, which would prevent him from answering the complaint, responding to interrogatories, sitting for a deposition, or otherwise participating in the discovery process. *See id.* ¶ 11, *Declaration of Cynthia L. Zedalis*, Dkt. # 48-3 ("*Zedalis Decl.*"), ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

Defendant moves to stay this case pending resolution of the criminal case, arguing that he should not have to decide between asserting his Fifth Amendment privilege and defending himself against Plaintiff's allegations. *See generally Mot.*

II.     Legal Standard

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). However, a court may exercise its discretion to stay civil proceedings "when the interests of justice seem to require such an action." *See id.* (cleaned up). In determining whether a stay is warranted, courts examine "the particular circumstances and competing interests involved in the case," especially the "extent to which the defendant's fifth amendment rights are implicated." *Id.* Courts also generally consider (1) the plaintiff's interest in proceeding expeditiously with the litigation, (2) the burden which any particular aspect of the proceeding may impose on the defendant, (3) the convenience of the court in the management of its docket and the efficient use of judicial resources, (4) the interests of persons not parties to the civil litigation, and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 324–25.

III.    Discussion

    A.     Defendant's Fifth Amendment Rights

"[T]he Fifth Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (cleaned up). While a defendant has the right to refuse to answer questions in a civil case that may incriminate him, invoking that right can have negative consequences, because in some circumstances, it is permissible for the fact-finder in a civil case to draw adverse inferences from a party's invocation of his Fifth Amendment right to silence. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264–65 (9th Cir. 2000).

Courts have generally found that the "strongest case" for a stay is when "a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Jones v. Conte*, No. C 45312S1, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005); *see also Roberts v. Brown*, No. CV 13-7461 ODW (JCx), 2014 WL 3503094, at *2 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

Cal. July 14, 2014) ("[T]here is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases."). In contrast, courts have denied requests to stay civil cases that do not substantially overlap with a pending criminal case. *See Roberts*, 2014 WL 3503094, at *1 (finding that a civil case arising out of different facts than a pending criminal case should not be stayed just because both cases involved gang activity); *Hymes v. Bliss*, No. 16-cv-4288-JSC, 2018 WL 6079443, at *3 (N.D. Cal. Nov. 21, 2018) (denying a stay when the two cases did not implicate "the same nucleus of facts") (cleaned up).

Plaintiff points out that her claims in this case are different in both fact and substance from the charges in the criminal case pending against Defendant. In the criminal case, Defendant is charged with rape and sexual assault against victims other than Plaintiff. In contrast, in this case, Plaintiff alleges that Defendant attempted to sabotage her career after she rejected his sexual advances, not that he was physically violent toward her. *See Opp.* 10:14–28; *see also FAC* at 3 ("[T]his case is about business, and the central harm is economic."). The point is well-taken. The core nature of Plaintiff's claims is quite different from the pending criminal charges. However, two factors lead the Court to conclude that the circumstances of this case nevertheless significantly implicate Defendant's Fifth Amendment rights.

First, while Plaintiff's claims are based on her encounter with Defendant at the Peninsula Hotel and the subsequent statements he allegedly made to sabotage her career, there are indications that she may attempt to prove these claims through evidence about Defendant's interactions with other women. Plaintiff's First Amended Complaint contains extensive allegations about allegedly inappropriate conduct Defendant exhibited toward women unrelated to Plaintiff, and it further alleges that the incidents alleged "reflect Weinstein's malicious intent to injure those who resisted him, including Ms. Judd." *See FAC* ¶ 20. Additionally, Plaintiff has propounded requests for admission on Defendant that ask him to admit that he met with a journalist during the summer of 2018 and discussed two women—Rose McGowan and Asia Argento—who have accused Defendant of rape. *See Plaintiff's First Requests for Admission*, Dkt. # 35-6, Nos. 18–19. They also ask him to admit that he has "offered acting jobs to one or more women in exchange for their agreement to engage in sexual acts with [him]." *Id.* No. 21. Because answering the complaint and responding to discovery requests appear likely to require Defendant to make statements about incidents that did not involve Plaintiff personally—and that may be more similar to the incidents at issue in the criminal case—the Court does not believe it is appropriate to look only at the Plaintiff's allegations about Defendant's actions in the Peninsula Hotel and his subsequent statements about her in determining whether his Fifth Amendment rights are implicated by this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

Second, Defendant asserts—and Plaintiff does not dispute—that the prosecutor in the criminal case in New York intends to introduce evidence of uncharged acts of sexual misconduct. *See Brafman Decl.* ¶ 12. Without knowing the scope of what the prosecutor intends to introduce, it is difficult to determine whether information Defendant is asked to provide in this case could be used against him in his upcoming criminal trial. But the Court finds it plausible that information encompassed by the allegations in the FAC and Plaintiff's discovery requests could fall within the scope of what the prosecutor could introduce against Defendant. And if the Court denies a stay, further discovery requests that could raise additional issues would undoubtedly be forthcoming.

Because information Plaintiff has already sought from Defendant could, at a minimum, potentially lead to evidence that could be used against him in the pending criminal case, the Court concludes that his Fifth Amendment rights are implicated. Accordingly, this factor weighs in favor of a stay.

B. Plaintiff's Interest in Proceeding Forward

Plaintiff unquestionably has an interest in resolving her claims expeditiously. She argues that any delay caused by a stay presents a risk that the evidence will deteriorate as witnesses' memories fade. *See Opp.* 12:1–19. But as Judge Wilson recently noted in granting a request to stay a different civil case against Defendant based on events that occurred in 2010, there is little reason to believe that the evidence is likely to deteriorate any more than it already has in the many years since the events underlying this case took place. *See Dominique Huett v. The Weinstein Company LLC*, No. CV 18-6012 SVW (MRWx), Dkt. # 50, at 3.

Further, any stay here may be brief because Defendant's criminal trial is set for early June. While Plaintiff stated at the hearing that Defendant's criminal counsel appears to have an upcoming trial in the Eastern District of New York that may conflict with the date set for Defendant's trial, the Court believes that it is premature to speculate about whether Defendant's criminal trial will go forward as scheduled. In any event, Plaintiff acknowledged that the judge in Defendant's criminal case has indicated that he wants to proceed with the trial as soon as possible. The Court therefore has no reason to believe that any delay will be substantial. Accordingly, Plaintiff's interest in going forward does not weigh heavily against a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

C. The Burden on Defendant in Going Forward

As discussed above, the Court believes that Defendant's Fifth Amendment rights are implicated by this case and therefore he would likely be burdened by being forced to assert his Fifth Amendment privilege in response to Plaintiff's discovery requests. Plaintiff counters that a stay is not appropriate when a defendant's Fifth Amendment privilege can be protected by less drastic means and that requiring Defendant to assert privilege on a question-by-question basis would be a less drastic way of protecting his rights. *See Opp.* 14:3–18 (citing *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045–46 (C.D. Cal. 2014)). While invocation of the Fifth Amendment on a question-by-question basis may be possible in some circumstances, the Court does not believe that it would be feasible in this case given the uncertainty about what the prosecutor in New York will seek to introduce against Defendant in the criminal case and the fact that much of the discovery in this case is likely to involve Defendant's treatment of women.

D. Judicial Efficiency

Courts usually find that this factor weighs against a stay because "the court has an interest in clearing its docket." *SEC v. Braslau*, No. CV 14-1290 ODW (AJWx), 2015 WL 9591482, at *4 (C.D. Cal. Dec. 29, 2015) (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989)). However, because the indications are that the trial will begin soon in the criminal case, any delay caused by a stay is unlikely to significantly affect the resolution of this case. Accordingly, the Court finds that this factor does not weigh against granting a stay.

E. Interests of Third Parties

Plaintiff argues that third parties have an interest in this case because she "seeks an injunction requiring Weinstein to cease engaging in the tortious conduct underlying her suit." *See Opp.* 16:5–6. In support, she cites to the Prayer for Relief in the FAC which requests "[a]n injunction requiring Weinstein to cease engaging in unfair competition." *See FAC* at 28. However, this is not a class action. Plaintiff and Defendant are the only parties to this suit, and Plaintiff has not explained why she would have standing to seek an injunction ordering Defendant to refrain from engaging in unfair competition toward others. Because any interest of third parties is limited at best, this factor does not weigh against a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

F.     The Public Interest

The Court agrees with Plaintiff that the public has an interest in the resolution of widely reported allegations about Defendant's treatment of women. *Cf. Raisman v. U.S. Olympic Comm.*, No. 18-cv-2479-BLF, 2019 WL 95928, at *3 (N.D. Cal. Jan. 3, 2019) ("The public has a strong interest in resolution of Plaintiff's allegations that [USA Gymnastics] and other entities and individual[s] concealed systematic abuse of the United States' elite young female gymnasts."). However, staying this case—which involves only a subset of the numerous allegations against Defendant—pending resolution of the criminal case will not completely deprive the public of its interest in learning the truth about Defendant's conduct because the criminal case itself presents similar issues. Accordingly, this factor does not weigh heavily against a stay.

G.     Summary

Taking all factors into account, the Court concludes that it is in the interest of justice to stay this case. Accordingly, the Court will **GRANT** Defendant's motion to stay this case pending resolution of his criminal case in New York.

At the hearing, Plaintiff suggested that any stay should apply only to requests for discovery from the named parties and that the parties should be allowed to seek discovery from third parties during the pendency of the stay. At this point—with Defendant's criminal trial set to take place in two months—the Court believes that a complete stay of the proceedings is appropriate, with the exception that the stay will not extend to Plaintiff's forthcoming appeal of the Court's order dismissing her sexual harassment claim.[1] However, in the event that it becomes apparent that Defendant's criminal proceedings will extend well past June, the Court may be willing to revisit this issue.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to stay this case pending resolution of his criminal case in New York, with the exception that the stay does not extend to any appeal Plaintiff takes from the Court's entry of judgment on its order dismissing her sexual harassment claim.

---

[1] The Court will grant Plaintiff's motion for entry of judgment on the sexual harassment claim by separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5724 PSG (FFMx) | Date | April 2, 2019 |
|---|---|---|---|
| Title | Ashley Judd v. Harvey Weinstein | | |

    The parties are **ORDERED** to submit a joint status report providing an update on Defendant's criminal proceedings no later than **June 17, 2019.** The parties are further **ORDERED** to appear for a status conference on **June 24, 2019** at **2:00 PM**.

    **IT IS SO ORDERED**.